UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS FLANAGAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3577** |
| **USAA CASUALTY INSURANCE COMPANY** | **SECTION "B"(3)** |

## ORDER AND REASONS

Before the Court are defendant Nomad Rentals, LLC's 12(b)(1) Motion to Dismiss (R. Doc. 25) and plaintiff Thomas Flanagan's Opposition (R. Doc. 27). Considering the foregoing, and for the following reasons,

**IT IS HEREBY ORDERED** that defendant Nomad Rentals, LLC's ("Nomad") 12(b)(1) Motion to Dismiss (R. Doc. 25) is **DISMISSED WITHOUT PREJUDICE**; and,

**IT IS FURTHER ORDERED** the above-captioned case be **REMANDED** to the 17th Judicial District Court for the Parish of Lafourche based on the post-removal joinder of defendant Nomad Rentals, LLC, as a non-diverse and necessary party to this action. The Clerk of Court is authorized and directed to **TERMINATE** any pending motions.

## BACKGROUND

This case arises out of an insurance coverage dispute following Hurricane Ida.[1] Plaintiff Thomas Flanagan ("Plaintiff") originally filed suit against defendant USAA Casualty Insurance Company ("USAA") in state court, the 17th Judicial District Court for the Parish of Lafourche, on August 9, 2022.[2] In response, USAA removed the suit to this Court on the basis of diversity

---

[1] *See* R. Doc. 1; R. Doc. 25; R. Doc. 27.
[2] *See* R. Doc. 1-1.

jurisdiction under 28 U.S.C. § 1332(a).[3]  On February 15, 2024, Plaintiff filed a First Amended Complaint naming two new defendants, Nomad Rentals, LLC ("Nomad"), and Patriot Construction, LLC ("Patriot").[4]  USAA concurred and agreed with the necessity of adding Nomad and Patriot to the suit.[5]  Nomad, for purposes of diversity subject matter jurisdiction under § 1332(a), is a citizen of Louisiana.[6]

Nomad now moves under Federal Rule of Civil Procedure 12(b)(1) to have Plaintiff's Amended Complaint dismissed because Plaintiff's joinder of Nomad "serves to destroy the diversity of the parties as required under" § 1332 because Plaintiff and Nomad are non-diverse parties.[7]  Plaintiff does not dispute that Nomad's joinder as a defendant destroys diversity; however, Plaintiff seeks a remand of this case back to the 17th Judicial District Court for the Parish of Lafourche, rather than a dismissal.[8]

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to a claim.  Fed. R. Civ. P. 12(b)(1).  Federal courts have limited jurisdiction and cannot adjudicate claims unless the authority to do so is conferred by statute. *Jones v. Gee*, No. CV 18-5977, 2020 WL 564956, at *4 (E.D. La. Feb. 5, 2020).  "Therefore, federal courts must dismiss lawsuits whenever it appears that subject matter jurisdiction is lacking." *Id.*  Lack of subject matter jurisdiction may be found in any one of three instances: (1)

---

[3]      *See* R. Doc. 1.  Under § 1332(a), federal district courts have diversity subject-matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).  USAA's Notice of Removal provides that Plaintiff is a citizen of Louisiana, R. Doc. 1 at 3 ¶ 6, that USAA is a citizen of Texas, *id.* at ¶ 7, and facts in controversy that support finding the requisite amount in controversy, *see id.* at 4–6 ¶¶ 11–15.
[4]      R. Doc. 23.
[5]      *See* R. Doc. 20; R. Doc. 27.
[6]      *See infra*.
[7]      *See* R. Doc. 25-1.
[8]      *See* R. Doc. 27.

the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief. *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction, not on the party moving for dismissal. *See Ramming*, 281 F.3d at 161. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

**LAW AND ANALYSIS**

Under 28 U.S.C. § 1332(a), federal district courts have diversity subject-matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). Section 1332(a)'s requirement that the civil action be "between citizens of different states" for diversity subject-matter jurisdiction to exist is referred to as the complete diversity requirement. "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)).

For purposes of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of removal. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989); *Tex. Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citation omitted). Once jurisdiction is properly established, subsequent events will ***generally*** not divest the court of jurisdiction. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Nevertheless, the addition of a nondiverse party is one event that defeats jurisdiction. *Hensgens*, 833 F.2d at 1181 (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). As explained by the Supreme Court, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007). **When a plaintiff's amendment after removal would destroy subject matter jurisdiction,** 28 U.S.C. § 1447(e) applies, which provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, **the court may . . . permit joinder and remand the action to the State court.**" S*ee also Cobb v. Delta Exps., Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) ("[P]ost-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable.") (emphasis added).

Here, the filing of Plaintiff's Amended Complaint destroys this Court's diversity subject-matter jurisdiction under 28 U.S.C. § 1332, because the addition of Nomad as a defendant

destroys complete diversity. Plaintiff is a citizen of Louisiana.[9] Nomad is also a citizen of Louisiana.[10]

Considering the foregoing, the law and equity favor remand rather than dismissal.

New Orleans, Louisiana this 4th day of June, 2024

SENIOR UNITED STATES DISTRICT JUDGE

---

[9] "Citizenship for an individual is synonymous with the person's domicile." *English v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n. 6 (5th Cir. 2009)). Plaintiff and Nomad do not dispute that Plaintiff is domiciled in Louisiana and is thus, for purposes of diversity subject-matter jurisdiction, a citizen of Louisiana. *See* R. Doc. 1; R. Doc. 23; R. Doc. 25; R. Doc. 27.

[10] The citizenship of a limited liability company (like Nomad) is determined by the citizenship of all of its members. *Woods v. Hancock Whitney Bank*, No. 22-546, 2022 WL 1683425, at *1 (E.D. La. May 26, 2022) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)). While Plaintiff does specifically allege the citizenship of Nomad's members in the Amended Complaint, Plaintiff and Nomad do not dispute that Nomad is also a citizen of Louisiana for purposes of diversity-subject matter jurisdiction. *See* R. Doc. 23; R. Doc. 25; R. Doc. 27.